IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01766-GPG

U.S. BANK NATIONAL, ASSOCIATION AS TRUSTEE FOR WAHCHOVIA MORTGAGE LOAN TRUST(Removal From the El Paso County Court, State of Colorado, Case No. 15cv31150)

  Plaintiff,

v.

NANCY RUTH GRESSE LOWE,

  Defendant.

---

## ORDER FOR SUMMARY REMAND

---

  Defendant Nancy Ruth Gresse Lowe, acting *pro se*, initiated this action by filing a pleading that challenges a "120 hearing" (Colo. R. Civ. P. 120) in the State of Colorado and an Application to Proceed in District Court Without Prepaying Fees or Costs.

  The Court must construe the pleading liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

  Defendant titles this pleading as follows: "Notice of [her] Challenge to the Political Jurisdiction of State of Colorado;" Notice of Violations of Due Process;" Notice Requiring Injunction Per Jurisdictional Challenge;" and "Notice of Void Judgement [sic]." Defendant captions the complaint as if she is attempting to remove a state case to this

Court; but she does not title the action as a notice of removal or indicate in the body of the pleading that she intends to remove El Paso County District Case No. 15cv31150 to this Court. For the following reasons, the Court will dismiss this case.

First, even if Defendant intends to remove Case No. 15cv31150 to this Court, a notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Defendant fails to provide a short and plain statement of the grounds that would support a removal to this Court or to attach **all** process, pleadings, and orders served upon him in the state action. Defendant contends that pursuant to the Thirteenth Amendment the State of Colorado does not have political or civil contractual jurisdiction over her; and, therefore, the El Paso County Court lacks standing to proceed against her in a 106 proceeding. Defendant further claims a violation of due process because the opposing party failed to appear at the 120 hearing. Finally, Defendant contends that the judgment entered in the 120 proceeding is void, because the decision was an attempt to void "God's law." Am. Compl. at 7.

Defendant's contentions do not demonstrate that the Court would have had subject matter jurisdiction over this action if it had been filed originally in federal court. "[A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." See *Johnson*, 404 F.3d at 1247.  For these reasons, the Court finds that a basis for removal is deficient and the Court lacks subject matter jurisdiction.  As a result, the instant action would be subject to a summary remand to the state court if this Court construed the action as a notice of removal.  See 28 U.S.C. § 1447(c).

Even if the Court were to construe this action as a challenge to a state court decision, the action also would be subject to dismissal for the following reasons.

A review by this Court of the decision in State of Colorado Case No. 15CV31150 is precluded by the *Rooker-Feldman* doctrine.  Federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Review

of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment.  *See Feldman*, 460 U.S. at 482 n.16.  "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks."  *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004).  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment."  *Id.* at 1148.  Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts."  *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

To review the state court's determination in the Rule 120 hearing, with respect to the claims Defendant raises in this action, would disrupt or undo the state court judgment the Defendant's property should be foreclosed.  Therefore any federal claim that Plaintiff's civil rights were violated with respect to this foreclosure is inextricably intertwined with the state court judgment and this Court lacks subject matter jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Defendant files a notice of appeal she must also pay the full $505 appellate

filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that to the extent Defendant intends to remove this action to this Court the action is summarily remanded to the El Paso County District Court. It is

FURTHER ORDERED that to the extent Defendant is challenging the state court decision in the Rule 120 hearing the action is dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, is DENIED as moot. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the El Paso County District Court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  25th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock

LEWIS T. BABCOCK, Senior Judge

United States District Court